IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.  Crim. No. 1: 05-cr-20874-CMA-1

GUY PHILIPPE
_____/

FILED BY NC D.C
OCT 19 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION FOR REDUCED SENTENCE BASED ELIGIBILITY FOR SAFETY VALVE PURSUANT TO THE FIRST STEP ACT

On November 22. 2005, defendant PHILIPPE was charged in a three-count Indictment charging Defendant with: conspiring to import into the United States .a controlled substance ln violation of 21 P.S.C. section 952(a) (Count 1); conspiring to conduct financial and monetary transactions derived from the proceeds of importing controlled substance into the United States in violation of 18 P.S.C. sections 1956 and 1957 (Count 2); and engaging in a monetary transaction of more than $10.000 with the controlled substance proceeds in violation of 18 U.S.C. sections 1957 (count 3)

An arrest warrant was issued on November 22, 2005 (see Arrest warrant (ECF No. 1) and the case was transferred to fugitive status on January 31, 2006 (see notice (ECF No. 5)). The case file remained inactive until January 6, 2017, when

the Government filed a Motion to unseal Indictment (ECF No. 7), advising Defendant had been arrested.

On April 24, 2017, Defendant, PHILIPPE pleaded guilty for one count of Conspiracy to Launder Monetary Instruments in violation of title 18 U.S.C. § 1956(h). (ECF No. 63). He was sentenced to 108 months in prison and 3 years probation. (ECF No. 72). He was then 48 years old. He has served 5 years in prison, and is now 53 years old. His presumptive release date is September 06, 2024. Mr. Philippe has already served 76 percent of his sentence. Mr. PHILIPPE is 53 years of age, has three adults children ages18 through 23 years of age

**The First Step Act**

On December 20, 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 231 Stat.5194 (2018). The recently passed First Step Act expanded the criteria for the amount of criminal history points a defendant may have and still qualify for a reduction under safety valve. See 18 U.S.C. § 3553(f). A close reading of § 3553(f) renders Mr. PHILIPPE eligible for safety valve.

Section 3553(f)(1) states that a defendant is eligible for safety valve if:

[T]he defendant does not have--

(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; and

(C) a prior 2-point violent offense, as determined under the sentencing guidelines;

18 U.S.C. § 3553(f)(1).

The statute is written in the negative "does not have" followed by three criteria joined in the conjunctive with "and" after the second criteria. This means that a defendant is eligible for safety valve if he does not have A + B & C. Mr. PHILIPPE does not have a conviction, or convictions, that qualify under part (A) (B) or (C) of the rule. He is therefore eligible for safety valve because he does not have convictions falling within criteria (A), (B), and (C);

Furthermore. Defendant, PHILIPPE is eligible for a sentence reduction under Section 404(b) of the First Step Act of 2018, thus, *Concepcion v. United States*, 142 S, Ct, 2389 (2022) provides the defendant further relief.

## ARGUMENT

The defendant file the instant motion seeking a sentence reduction under the First Step Act of 2018, in conformity with *Concepcion v. United States*, 142 S, Ct, 2389 (2022) based upon his post-sentencing rehabilitative efforts

**The Defendant is Eligible for Reduction Under the First Step Act.**

Mr. PHILIPPE is clearly eligible for a sentence reduction for safety valve under the First Step Act

The undisputed criteria are the following:

Mr. PHILIPPE did not use threats or violence, or possess a weapon. See U.S.S.G. § 5C1.2(2).

Mr. PHILIPPE's offense did not result in death or serious bodily injury. 1See § 5C1.2(3).

Mr. PHILIPPE was not a leader, manager, organizer, or supervisor. See 5C1.2(4).

Mr. P PHILIPPE truthfully provided the government what he did in connection with the offense.

The first safety-valve requirement is that Mr. PHILIPPE's criminal history render him eligible for the reduction and Mr. PHILIPPE's has no prior conviction

Congress put no limits on the Court's discretion and no restriction at all on what it may consider in imposing a reduced sentence here. In determining whether to reduce a sentence, or by how much, or to deny a request altogether,

4

the Court may consider all relevant §3553(a) factors, including post-sentencing rehabilitation. *See Pepper v. United States,* 131 S. Ct. 1229, 1249 (2011) (post-sentencing developments, whether favorable or unfavorable to the defendant, bear directly on the court's duty to impose a reduced sentence that is sufficient, but not greater than necessary to serve the purposes of sentencing; *United States v. Shelton,* 2019 WL 1598921 (D. S.C. 4/14/2019) ("In deciding whether to impose a reduced sentence [under the First Step Act], the court will consider the new statutory range, the guideline range, the factors in 18 U.S.C. §3553(a), and evidence of post-sentencing mitigation."); *see also United States v. Powell,* 360 FSupp.3d 134, 140 (N.D.N.Y. 2019).

### The Objectives of Sentencing Under 18 U.S.C. §3553(a) Warrant a Sentence Reduction.

The sentencing factors most pertinent to this case and this defendant strongly militate in favor of a sentence reduction since the almost five years he has already served are more than *sufficient, but not greater than necessary* to satisfy the objectives of punishment. *See* 18 U.S.C. §3553(a).

A paramount consideration in reconsidering this defendant's sentence is the striking change in consensus as to the gravity of the underlying offense,

5

Conspiracy to Launder Monetary Instruments which happened 20 years ago in 2001 without any threat or use of violence, as well as the changes to the aggravating factors applied to it. At the time, this offense called for very substantial mandatory minimum, maximum, and supervise release terms. More significantly, this defendant is not a Career Offender.

In imposing the original sentence, the Court properly recognized its duty to consider the advice of the Presentence Investigation Report as to the appropriate sentence, but at the same time its power under *United States v. Booker,* 543 U.S. 220, 258-60 (2005) to depart. The subsequent paradigm shift in sentencing consensus since that time provides an occasion for the Court to consider an even greater departure than it did at the time of original imposition. Indeed, with the benefit of the Safety Valve, if the defendant was sentenced today, with a Criminal History Category at the level he was sentenced in 2017 his sentencing range would drop for less than half the time he has already served.

**Defendant's History and Characteristics**

The court has received at sentencing a number of letters describing Mr. PHILIPPE' character and background. *See* 18 U.S.C. §3661 ("No limitation

shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court in the United States may receive and consider for the purpose of imposing an appropriate sentence."). Several common themes emerge from these letters. One is that Mr. PHILIPPE was a leader in his community and a devoted civic activist to the improvement of his country

Mr. PHILIPPE is claiming to have engaged in "extensive rehabilitation efforts" that warrant a sentence reduction pursuant to the First Step Act of 2018 and the recent U.S. Supreme Court decision in Concepcion v. United States, 142 S, Ct, 2389 (2022). Id. at 2.

Since his incarceration, Mr. PHILIPPE has learned from his mistakes and has taken steps during the course of his 5.5 years in prison to improve his life. He has taken classes in business and real estate among other subjects, and often served as a mentor to other prisoners. He sometimes attended religious services and he has been an avid reader of various types of literature. From the day that he entered the system, Mr. PHILIPPE has been preparing himself for his successful reentry into society. Mr. PHILIPPE is a man with strong family roots. Moreover, Mr. PHILIPPE was encouraged and strengthened by a positive, assertive and unhesitating family. A family that values education and embraces values of strength and positivity. Mr. PHILIPPE was gifted with

strong, nurturing roots. It is also apparent that Mr. PHILIPPE has the unyielding commitment of his children in helping him establish a new life after prison. Finally, all the letters sent on his behalf at sentencing and his present predisposition make plain that Mr. PHILIPPE is a gifted, supportive and loving man, who has a great deal to contribute as a productive member of society.

**Deterrence**

The already-served sentence has adequately served the goals of both specific (incapacitation) and general deterrence. The defendant has been outside of his community and the sources of his criminal behavior for almost five years. And, the point has been clearly made both to the defendant and to the community: if you conspire to launder money, you will be arrested, you will be prosecuted, and you will spend a substantial amount of time in prison away from the community and your family. Defendant respectfully submits that there is no need to send an additional or broader message to society about this type of case by keeping defendant incarcerated. Equally as important, defendant does not need to be subjected to further incarceration to deter him from engaging in this type of conduct or any type of criminal conduct again.

**Rehabilitation**

During the nearly six years defendant has been imprisoned for this offense, he has taken advantage of every educational opportunity and matured beyond his old ways. He has engaged in various enrichment activities during his incarceration: he successfully completed numerous rehabilitative courses including courses in personal growth including positive family skills, responsible thinking, health, life management. Notably, defendant's has been very respectful to staff and follows direction without hesitation. Defendant also maintains a good rapport with other inmates and has not displayed any behavioral or management concerns.

Perhaps the most compelling evidence of defendant's likelihood of success on his re-entry comes from his children, whom has remained by defendant's side throughout his years of incarceration. Defendant, even being incarcerated, has paid particular attention to his children education and evolution in society. He has advised and nurtured his children's growth to the best of his ability based on his present circumstances. Defendant intends to join his children in building their life together in Haiti upon his release from incarceration.

Defendant has not wavered in his commitment to return to society as a law abiding citizen. Indeed, over the past five years, defendant has learned

9

from his recklessness and gained an appreciation for risks and consequences. Importantly, defendant does not pose a threat to the community, and as his home is the country of Haiti, he looking forward to returning to Haiti and participate in the betterment of his community in Pestel, Haiti.

**Avoidance of Disparity**

An overriding goal of the collective changes which culminated in the First Step Act has been to remedy sentencing disparities. Now, a reduction of this defendant's sentence would be entirely consistent with current Congressional intent, especially given that the almost six years prison sentence already served has sufficiently accomplished the statutory sentencing goals. In sum, defendant's original sentence should be reduced.

## CONCLUSION

For the foregoing reasons, the Court should grant the defendant a hearing on this motion, and thereafter reduce his sentence. Defendant urges the Court to recognize that the objectives of sentencing have already been achieved. If the Court agrees, defendant requests that his sentence be reduced to time-served.

Respectfully Submitted,
/s/ Guy Philippe
GUY PHILIPPE,
#09783104

Date: October 3, 2022.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Respectfully Submitted,<br>
/s/ Guy Philippe<br>
GUY PHILIPPE,<br>
#09783104

Guy philippe
#09783104
McRae correctional institution
P.o Drawer 55030
Mcrae Helena ,Georgia 31055

Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, Room 8N09
Miami, FL 33128

U.S.M.S.
INSPECTED
BY:

