FILED BY __MC__ D.C.

NOV 30 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                          Crim. No. 1: 05-cr-20874-CMA-1

GUY PHILIPPE

_____/

## DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCED SENTENCE BASED ON ELIGIBILITY FOR SAFETY VALVE PURSUANT TO THE FIRST STEP ACT

Defendant GUY PHILIPPE (hereinafter "Defendant" or "Philippe") reply to the Government's Response To Defendant's Motion For Reduced Sentence Based On Eligibility For Safety Valve Pursuant To The First Step Act

In its Response, the Government alleges that this Defendant advocates for a reconsideration of the 3553(a) factors in light of his "post sentencing rehabilitative efforts." However, the Government does not address this Defendant Argument as 3553(f). This Defendant maintains that he did alleges a valid mechanism by which the Court may reconsider the 3553(a) factors as well as 3553(f). There is no danger to any person or the community that may be posed by a reduction in this Defendant's term of imprisonment

As to 3553(f), this Defendant has shown that he should benefit from the 2 points reduction contradicting what they prosecutor said. They safety vale was put

1

into place for all non-violent offenders, not drug only. Defendant do have a consideration under 3553(f). Not one case law is cited which that prevent the court from exercising its authority in this case to reduce this Defendant's Sentence. The prosecution argument is focused on what the court can or cannot do but devoid of caselaws which will support its argument.

Some of the facts that the prosecution is relying to make its argument are either flatly wrong or at best dubious. First, the government alleges that the "Defendant was a member of the Haitian National Police (HNP) between 1997 and 2000 and knowingly used his position as a high-ranking HNP officer to protect the drug shipments coming in from South America. " However, in the same paragraph it alleges from approximately June 1999 to approximately April 2003, Defendant received between $1.5 million and $3.5 million in bribe payments to protect these drug loads. Therefore, based on the prosecutor timeline, for 3 years after the Defendant was no longer a member of the Haitian Police Force, this Defendant was providing protection and receiving bribe payments. One should question under what form authority, this Defendant was providing protection and receiving bribe when from 2000 to 2003 this Defendant was no longer a member of the Haitian force and further more from about 2001 to 2003 this Defendant was living outside the country of Haiti , in exile fearing for his life from the Aristide Regime.

Furthermore, what the government felled to say, despite painting this devilish picture of this Defendant, is that on march 2004, the Secretary of Defense of this great United States of America found it honorable to bestow on this Defendant a Medal of Honor. This medal was awarded for the great service rendered by this Defendant on behalf of the United States and the service rendered by this Defendant to his own country. Services, which will result on this Defendant gaining

2

the trust of his people to lead them by electing him as a Senator in the 2016 election.

This Defendant's election in December 2016 contradict the Government allegation that Defendant was arrested in January 2017 on Haitian charges related to murder and attempted murder stemming from a deadly attack on a Haitian police headquarters. Indeed, if it was the case, how did this Defendant obtain his clearance to be a candidate and campaign all over his provincial department as a candidate for senate without hindrance by the Haitian Authority. Where is the Haitian arrest warrant? There is actually no arrest warrant pending in Haiti for this Defendant and the Government knows that. Should this court grant this Defendant a reduced sentence as per 3553(f) and/or 3553(a) and order his return to Haiti, this Defendant has no fear that he could resume his normal peaceful life.

This Defendant is cognizant of his wrong, has pleaded guilty and served his time. This Defendant reallege to have engaged in "extensive rehabilitation efforts" that warrant a sentence reduction pursuant to the First Step Act of 2018 and the recent U.S. Supreme Court decision in *Concepcion v. United States, 142 S, Ct, 2389 (2022)*. Id. at 2. This Defendant has learned from his mistakes and has taken steps during the course of his 5.5 years in prison to rehabilitate himself. *Concepcion* expressly established that conduct in prison—good or bad—can be properly considered in a First Step Act motion. This Defendant unyielding commitment to his children is his new guiding principle makes him an ideal candidate for the court to revisit and reduce his sentence. Moreover, this Defendant will further re-allege his time incarcerated has has adequately served the goals of both specific (incapacitation) and general deterrence. In *United States v. Newbern, Case No. 22-1244, 2022 U.S.App. LEXIS 28348 (7th*

3

*Cir., Oct. 12, 2022)*The Circuit said that in light of *Concepcion*, "it is clear that the district court's failure to address Newbern's good-conduct argument rises to the level of procedural error."

This, Defendant, focus now, is not on his past but on his future. This defendant has learned from his recklessness and gained an appreciation for risks and consequences. Importantly, defendant does not pose a threat to the community, and as to his home is the country of Haiti. He is looking forward to returning to Haiti and participate in the betterment of his community in Pestel, Haiti.

Date: November 21, 2022.

Respectfully Submitted,
GUY PHILIPPE,
Reg. No. 09783-104
UPS. Atlanta
P.O. Box 150160
Atlanta, GA 30315

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November October, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Respectfully Submitted,
GUY PHILIPPE,

GUY PHILIPPE,
Reg. No. 09783-104
UPS. Atlanta
P.O. Box 150160
Atlanta, GA 30315

MIAMI FL 330
23 NOV 2022 PM 5

Wilkie D. Ferguson, Jr. U.S. Courthouse
Clerk of the Court
400 North Miami Avenue
Miami, FL 33128

33128-771699